IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STORMS INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 09 C 1835 |
| v. ) | |
| ) | The Honorable William J. Hibbler |
| THELAUNDRYLIST.COM, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Storms Industries, Inc. sued TheLaundryList.Com, Inc. alleging that LaundryList owed on outstanding invoices and had refused to pay. LaundryList never answered the Complaint and the Court entered a default judgment against it. LaundryList now moves to vacate that default.

Storms filed its Complaint on March 24, 2009. Ten days later, on April 3, 2009, a California process server purported to serve LaundryList's registered agent, Gregory Bordo, at his California office by means of substitute service. The proof of service indicates that the process server left the summons with "Jane Doe," who was apparently in charge of Bordo's office. The process server describes "Jane Doe" as a black female, who was 32 years of age with black hair and brown eyes and who was 5'7" tall and weighed 190 pounds. The process server offers no other information about the person he purported to serve or about the office (other than its address).

LaundryList's answer was due on April 23, 2009, and when that date passed, Storms quickly moved for default judgment. On May 21, 2009, the Court granted Storms's motion and entered a default judgment against LaundryList in the amount of $115,245.99.

On June 17, 2009, Storms sent LaundryList a demand for payment of the default judgment via electronic mail. Storms requested that LaundryList pay the default amount prior to June 30 to

1

avoid a collection action. Three weeks later, on July 8, 2009, an attorney for LaundryList filed a notice of appearance and moved to vacate the default judgment.

Federal Rule of Civil Procedure 55(c) allows a court to set aside a default judgment for good cause or for a reason set forth in Rule 60(b). Fed. R. Civ. P. 55(c) & 60(b); *see also Robinson Eng. Co. Pension Plan and Trust v. George*, 223 F.3d 445, 448 (7th Cir. 2000). Under both Rule 55 and Rule 60, a party seeking to set aside a default judgment must show: 1) good cause; 2) quick action to correct it; and 3) a meritorious defense. *Cracco v. Vitran Exp. Co.*, 559 F.3d 625, 630-31 (7th Cir. 2009). However, if a defendant was not properly served, then the court never acquired personal jurisdiction over the defendant and therefore the judgment would be void. As a result, the court *must* grant a motion to vacate a default judgment because the judgment was void. *Homer v. Jones-Bey*, 415 F.3d 748, 752-53 (7th Cir. 2005); *United States v. Indoor Cultivation Equip. From High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316 (7th Cir. 1995).

Here, LaundryList submits that service was deficient. In support, it points to the affidavits of its registered agent and its president. LaundryList's registered agent, Gregory Bordo, denies that there *is* someone in his office who matches the description given by the process server. Bordo further avers that he has checked the log documenting the summons that his office receives and finds no record of the summons in this case. LaundryList's president, Brian Cohen, avers that he learned of the default judgment for the first time on June 17, 2009. He further avers that he possesses business records that demonstrate that the purchase price for the goods described in the Complaint was only $72,961.40 and not $114,777.11 as claimed by the Plaintiff, a difference of nearly $42,000.

Storms argues that LaundryList has not put forward sufficient evidence to warrant overturning the default judgment. First, Storms argues that Bordo's affidavit dated on June 8, 2009 does not state that on April 3, 2009 there *was* no person in his office matching the description of the process server.

2

Thus, Storms concludes, LaundryList's allegation that it never received the summons is inadequate and its failure to respond to the Complaint was willful rather than excusable for good cause. The Court is not convinced by Storms's argument. Perhaps Bordo engaged in linguistic gymnastics in order to avoid perjuring himself and yet still convey the impression that service was deficient. Perhaps he merely hastily drafted the affidavit and did not consider the ramifications of the tense that he used. The Court is not in a position to assess the intent behind the literal meaning of the words in Bordo's affidavit. That is something best suited for an evidentiary hearing, where Bordo can be cross-examined, allowing the line of questioning to be developed fully and also allowing the Court to assess his credibility. Moreover, even if the Court were to find that Bordo did receive the summons and Complaint, a registered agent's inadvertent conduct can provide good cause for a party's failure to respond. *See Cracco*, 559 F.3d at 530-31 (noting that company should have taken more caution to ensure that its registered agent notified the company of its action but nonetheless finding good cause for the failure to respond).

Second, Storms argues that LaundryList did not act quickly to correct the default. The Court disagrees. Storms suggests that LaundryList waited nearly seven weeks to correct the default. The Court *entered* the default judgment on May 21. LaundryList's president states that he *learned* of the default on June 17, when Storms demanded payment. In either case, the Seventh Circuit has noted that a defendant who moved to correct a default after four months (more than twice the delay that Storms claims) nonetheless acted quickly to correct the default. *Bieganak v. Taylor*, 801 F.2d 879, 882 (1986).

Third, Storms argues that LaundryList does not have a meritorious defense merely because it argues that it owes Storms less. The Court does not agree, though reserves the right to vacate only the damages portion of the judgment.

3

Nevertheless, the Court is not fully convinced that LaundryList's failure to respond was inadvertent. If Bordo did creatively word his affidavit — knowing that his firm *had but no longer* employed someone matching the description of the process server, but amending his tense to imply that service was deficient — then the Court is not handcuffed by Rule 60(b)(4) and would be more inclined to find LaundryList's failure to respond to be willful. The Seventh Circuit has suggested that where the Court has doubt regarding the efficacy of service, the best approach is to hold an evidentiary hearing to resolve the factual dispute. *Robinson Eng. Co. Pension Plan & Trust*, 223 F.3d at 453; *see also Sun v. Board of Trustees of Univ. Of Il.*, 473 F.3d 799, 811 (7th Cir. 2007) (noting that district court abuses its discretion when vacating a default judgment absent an explicit finding that the party seeking to vacate the judgment showed good cause for the default). The Court agrees. The process server's description is sparse and does not inspire confidence. Bordo's affidavit raises more questions than it answers. The Court finds that the best approach would be to hold an evidentiary hearing to determine the credibility of the respective witnesses so that it can make a definitive finding as to whether LaundryList was properly served.

IT IS SO ORDERED.

9/8/09
Dated

Hon. William J. Hibbler
United States District Court

4